IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EDWINA L. EVANS-JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | No. 08-0001-CV-W-JCE-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Plaintiff is appealing the final decision of the Secretary denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § § 1381 et seq. This case was remanded to the Secretary and a second hearing was conducted. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be affirmed.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one

1

position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski.

The ALJ must give full consideration to all of the relevant evidence on the Polaski

factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole. Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

## Discussion

Plaintiff , at the time of the second hearing, was a 44-year-old female, who completed a high school education and has worked primarily as a receptionist or a counselor advocate for battered women.

It was plaintiff's testimony that she suffers from complications resulting from HIV. She stated that she originally had a medical regimen involving several medications, but currently only takes one medication, which is Atripla.

Regarding her daily activities, plaintiff stated she suffers from exhaustion and fatigue, as well as chronic pain and significant weight loss. She also complained of left arm pain. She did acknowledge that she has worked for short periods of time, including three weeks with the Internal Revenue Service. She has applied for several light and sedentary jobs. She attended cosmetology school and has performed household chores, shopped for groceries and used public transportation.

It was the finding of the ALJ that:

1. The claimant met the insured status requirements of the Social Security Act through September 30, 2004.

2. The claimant has not engaged in substantial gainful activity since her alleged onset date of disability, June 1, 1999 (20 CFR 404.1520(b), 404.1571 *et seq.* 416.920(b) and 416.971 *et seq.*).

3. The claimant has the following severe impairments: human immunodeficiency virus (HIV) infection and asthma (20 CFR 404.1520 ( c)  and 416.920 ( c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P,

Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920 (d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform a range of light exertional level work. The claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can stand and walk 6 hours in an eight-hour day, as well as sit for 6 hours in an eight-hour day. The claimant has unlimited push and pull and she can balance occasionally. The claimant, however, should avoid concentrated exposure to cold, fumes/odors and hazards, such as unprotected heights and dangerous moving machinery.

6. The claimant is capable of performing past relevant work as receptionist, sales clerk, office clerk, telephone operator, daycare worker, and case aide. These jobs do not require the performance of work-related activities precluded by the above found residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant is not disabled and has not been under a disability, as defined in the Social Security Act, since her alleged onset date of disability (20 CFR 404.1520 (g) and 416.920 (g)).

The ALJ discredited plaintiff's testimony because her complaints were not supported by medical evidence. He also concluded that the extent of her daily activities and work-related activities were inconsistent with the extent of limitation alleged.

Having fully reviewed the record, the Court is of the opinion that there is inadequate objective medical evidence to support the level of impairment alleged by plaintiff. In fact, the evidence in the record as a whole suggests that her HIV is relatively stable on medication. The complaint of weight loss has never been determined by a medical professional to be a "wasting" condition. She has suffered from sporadic depression, but it appears to be situational and not debilitating. In reaching his conclusions that plaintiff could perform her past relevant work , the ALJ considered all of the abovementioned factors, as well as relying on medical records from the Truman Medical Center. He also referenced comprehensive medical assessments conducted by Joyce E. Majure-Lees, M.D. He properly discounted an assessment completed by C. Deitz,

M.D. It is correctly noted that the restrictions referenced by Dr. Deitz were not supported by other medical evidence and appeared to be a recitation of plaintiff's subjective complaints.

Regarding the credibility determination, there is substantial evidence in the record to support the ALJ's finding, taking into account the plaintiff's daily and work-related activities; the medical record as a whole, and the fact that her condition is stable with medication. The ALJ also noted that the pain on the left side, of which plaintiff complains, is most likely the result of an automobile accident and not related to her present condition. The Court believes that the ALJ adequately addressed the Polaski factors in discrediting some of plaintiff's subjective complaints. The ALJ detailed the reasons for discrediting plaintiff's testimony, and adequately discussed the factors set forth in Polaski. Therefore, the Court finds that the ALJ relied on substantial, relevant and supporting evidence in explaining his reasons for discrediting plaintiff's complaints. Ghant v. Bowen, 930 F.2d 633, 637 (8th Cir. 1991).

Upon remand, the ALJ properly analyzed plaintiff's condition under Listing 1408. The medical record is devoid of evidence that plaintiff suffers to the extent required under that listing. While the ALJ did not specifically reference the plaintiff's GAF scores, the medical impairments were fairly evaluated. The medical evidence submitted simply did not support her contention that depression is the cause of marked restrictions. He correctly noted plaintiff's own description of the episodes as sporadic, when, in fact, she was under no current treatment for depression and had not sought medical care for a significant period of time.

Therefore, based on the record before it, the Court finds that the ALJ's decision is supported by substantial evidence in the record, Clark v. Sullivan, 768 F. Supp. 278, 280 (W.D. MO 1991), and that plaintiff has failed to meet her burden of proving that she has an impairment

5

that precludes her from engaging in substantial gainful activity. Accordingly, the decision of the Secretary should be affirmed.

It is hereby

ORDERED that the decision of the Secretary be, and it is hereby, affirmed.

    /s/ James C. England
JAMES C. ENGLAND, Chief
United States Magistrate Judge

Date: February 25, 2009